IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| JOHNNY CLAWSON, #01578431 | § | |
| VS. | § | CIVIL ACTION NO. 4:12cv418 |
| DIRECTOR, TDCJ-CID | § | |

ORDER OF DISMISSAL

This civil action was referred to United States Magistrate Judge Amos L. Mazzant, who issued a Report and Recommendation concluding that the petition for writ of habeas corpus should be denied and dismissed with prejudice because it was not timely filed. Petitioner filed objections.

In Petitioner's objections, he reiterates his erroneous belief that the statute of limitations should not apply to his case. He states that he is simply looking to reinstate his appeal on three of his convictions, and that he is not actually challenging his convictions. Contrary to Petitioner's belief, a § 2254 petitioner must first file the petition in a timely manner before a court will analyze the merits of the issues presented, and then make a determination as to whether to grant an out-of-time appeal. Petitioner presents nothing to show that he timely filed his petition or that he is entitled to equitable tolling.

Even if this case was not time-barred, the Fifth Circuit has held that to prevail on a claim of ineffective assistance of counsel on appeal, the petitioner must make a showing that had counsel performed differently, there would have been revealed issues and arguments of merit on the appeal. *Sharp v. Puckett*, 930 F.2d 450, 453 (5th Cir. 1991), *citing Strickland v. Washington*, 466 U.S. 668,

1

687, 104 S. Ct. 2052, 2065, 80 L. Ed.2d 864 (1984). In a counseled appeal after conviction, the key is whether the failure to raise an issue worked to the prejudice of the defendant. *Sharp*, 930 F.2d at 453. This standard has been affirmed by the Supreme Court. *See Smith v. Robbins*, 528 U.S. 259, 285, 120 S. Ct. 746, 764, 145 L. Ed.2d 756 (2000) (holding that a petitioner must first show that his appellate attorney was objectively unreasonable in failing to find arguable issues to appeal, and also a reasonable probability that, but for counsel's unreasonable failure to file a merits brief raising these issues, petitioner would have prevailed on appeal). *See also Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed.2d 389 (2000); *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).

Furthermore, an appellate counsel's failure to raise certain issues on appeal does not deprive an appellant of effective assistance of counsel where the petitioner did not show trial errors with arguable merit. *Hooks v. Roberts*, 480 F.2d 1196, 1198 (5th Cir. 1973). Appellate counsel is not required to consult with his client concerning the legal issues to be presented on appeal. *Id*. at 1197. An appellate attorney's duty is to choose among potential issues, using professional judgment as to their merits – every conceivable issue need not be raised on appeal. *Jones v. Barnes*, 463 U.S. 745, 749, 103 S. Ct. 3308, 3311-12, 77 L. Ed.2d 987 (1983).

In this case, Petitioner is complaining that his appellate counsel did not file a merits brief on direct appeal, but instead, filed a brief pursuant to *Anders* for the three convictions in which he was sentenced to twenty years each. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed.2d 493 (1967). Petitioner seeks to reinstate the direct appeal in those three counts. A review of the record shows that appellate counsel filed a direct appeal in the two convictions for which Petitioner was sentenced to life confinement in each. Petitioner is unable to show prejudice since the three convictions with sentences of twenty years each were ordered to run concurrently with the

two convictions carrying life sentences. He has also failed to show trial errors with arguable merit. *Hooks*, 480 F.2d at 1198. Petitioner has failed to show that his appellate attorney was objectively unreasonable in failing to find arguable issues to appeal, and also a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief raising these issues, he would have prevailed on his appeal. *Smith*, 528 U.S. at 285, 120 S. Ct. at 764.

In conclusion, the Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Having made a *de novo* review of the objections raised by Petitioner to the Report, this court finds that the findings and conclusions of the Magistrate Judge are correct, and adopts the same as the findings and conclusions of this court. It is therefore

**ORDERED** that the petition for writ of habeas corpus is **DENIED** and Petitioner's case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. Finally, it is

**ORDERED** that all motions not previously ruled on are hereby **DENIED**.

So **ORDERED** and **SIGNED** this **4** day of **September, 2013.**

_____
Ron Clark, United States District Judge